1

2

3

4

5 MONT E. TANNER, ESQ.
Nevada Bar Number 004433
6 LAW OFFICES OF MONT E. TANNER
2950 East Flamingo Road, Suite G
7 Las Vegas, Nevada 89121
Telephone: (702) 369-9614
8 Facsimile: (702) 369-5731
*Attorney for Defendant*
9

10 **UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
11

12 UNITED STATES OF AMERICA, | CASE NO.:   2:16-CR-00032-JCM-GWS

13 Plaintiff,

14 vs. | **APPLICATION FOR AN ORDER**
**SHORTENING TIME ON DEFENDANT'S**
15 EMILE EDWARD BOUARI, | **MOTION TO RECONSIDER DEFENDANT'S**
**PRE-TRIAL DETENTION STATUS**
16 Defendant.

17

18

19     COMES NOW Defendant Emile E. Bouari ("Bouari"), by and

20 through his counsel of record, Mont E. Tanner, Esq., of the Law

21 Offices of Mont E. Tanner, and hereby applies to the Court for an

22 Order Shortening Time with respect to his MOTION TO RECONSIDER

23 DEFENDANT'S PRE-TRIAL DETENTION STATUS.

24

25     This Application is necessary as Bouari wishes to have the

26 referenced Motion determined before trial in order to assist

27 counsel.

1   Dated the 12th day of April, 2018.

2   Law Offices of Mont E. Tanner

3

4   Mont E. Tanner, Esq.

5   Nevada Bar Number 004433
    2950 East Flamingo Road, Suite G

6   Las Vegas, Nevada 89121
    Telephone: (702) 369-9614

7   Facsimile: (702) 369-5731
    *Attorney for Defendant*

8

9   **AFFIDAVIT IN SUPPORT OF APPLICATION FOR ORDER SHORTENING TIME**

10  STATE OF NEVADA )
                     ) ss:
11  COUNTY OF CLARK )

12  Affiant, Mont E. Tanner, Esq., first being duly sworn,

13  hereby deposes and says as follows:

14  1.   That I am counsel for Defendant Bouari in the above-

15  captioned action.

16
17  2.   That the Court has scheduled a trial date for May 21, 2018.

    3.   That, as set forth in the accompanying Motion:

18       (a)  Bouari has been in pre-trial detention for two years,

19       and is not a flight risk;

20       (b)  Bouari has a change in his circumstances and newly

21       discovered evidence; and

22       ( c) Bouari needs to review the newly discovered evidence

23       to assist his counsel in preparing for trial.

24  4.   That, unless the referenced Motion is scheduled on an Order

25  Shortening Time, the Motion will be rendered moot as Bouari will

26  remain in pre-trial detention and not have adequate time to be

27  able to assist his counsel in preparing for trial.

    -2-

5.   That the referenced Motion should be calendared for hearing as soon as the Court's calendar will accommodate a hearing on shortened time.

Further, your Affiant says nothing.

DATED this 12th day of April, 2018.

_____
Mont E. Tanner, Esq., Affiant

SWORN AND SUBSCRIBED TO before me
this 12th day of April, 2018.

_____
NOTARY PUBLIC
(SEAL)

SUSAN T. ENGLISH
Notary Public, State of Nevada
Appointment No. 16-1367-1
My Appt. Expires Feb 8, 2020

**ORDER**

The Court, having considered Defendant's Application for Order Shortening Time with respect to his Motion to Reconsider Defendant's Pre-trial Detention Status, and being fully advised in the premises, and good cause appearing, therefor:

**IT IS HEREBY ORDERED, ADJUDGED and DECREED** that Defendant's Application is GRANTED and the Clerk of Court, or any other responsible party, is hereby directed to calendar the hearing in this matter for the _____ day of _____, 2018.

Dated: _____

_____
UNITED STATES MAGISTRATE JUDGE

-3-

1

2   Submitted by:

3   Law Offices of Mont E. Tanner

4

5   _____
    Mont E. Tanner, Esq.
6   2950 East Flamingo Road, Suite G
    Las Vegas, Nevada 89121
7   Attorneys for Defendant

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

MONT E. TANNER, ESQ.
Nevada Bar Number 004433
LAW OFFICES OF MONT E. TANNER
2950 East Flamingo Road, Suite G
Las Vegas, Nevada 89121
Telephone: (702) 369-9614
Facsimile: (702) 369-5731
  *Attorney for Defendant*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>vs.<br><br>EMILE EDWARD BOUARI,<br><br>                    Defendant. | CASE NO.:   2:16-CR-00032-JCM-GWS<br><br><br>**MOTION TO RECONSIDER DEFENDANT'S PRE-TRIAL DETENTION STATUS** |

COMES NOW, Defendant, **EMILE EDWARD BOUARI** ("Bouari"), by and through his counsel of record, Mont E. Tanner, Esq., and hereby respectfully requests that the Court reconsider the previously entered pre-trial detention Order against Bouari; and order the release of Bouari from detention pending trial, based on a change of circumstances; newly discovered evidence; and to allow Bouari to assist his counsel in preparing his defense.

1    Bouari respectfully requests that the Court grant him pre-
2  trial release, and that he be released on his own recognizance
3  pending trial.

4    This motion is made and based upon the attached Statement of
5  the Law, the Statements of Facts, and Exhibits and any evidence
6  deemed appropriate by the Court at hearing to be set as soon as
7  practicable.
8
9
10                              **THE LAW**

11    1.   Pursuant to 18 U.S.C. Section 3145, a Motion for an
12  Amendment of an Order may be filed, and the Motion shall be
13  determined promptly.

14    2.   In the instant case, the Order which Defendant seeks to
15  have amended is the Order detaining Bouari pending trial, signed
16  by Magistrate Judge Peggy A. Leen on February 19, 2016, and
17  entered on February 26, 2016 [ECF. No. 34].   (A copy of said
18  Order is attached hereto as **Exhibit "A."**)

19    3.   Set forth below is a statement of facts supporting
20  Bouari's instant motion for reconsideration of his pre-trial
21  detention status herein, based upon a change in circumstances;
22
23  newly discovered evidence which indicates certain unauthorized
24  illegal activity by the CHS, and further misconduct in the
25  initiation of the case against Bouari; and so that Bouari may
26  assist his counsel in preparing for trial.

27                              -2-

28

1

### STATEMENT OF FACTS

2      4.   This Court has recently continued Bouari's trial date to

3    May 21, 2018.  (A copy of the Stipulation to continue Calendar

4    Call and Trial Date, signed by Judge Mahan on January 11, 2018,

5    is attached hereto as **Exhibit "B."**)

6
7      5.   Bouari has been in pre-trial detention since February,

8    2016, **over two full years,** pending a resolution of this matter,

9    pursuant to a sealed indictment for, *inter alia,* money

10   laundering.  (See, **Exh. "A."**)

11             A.   **Change in Circumstances and
                       and Newly Discovered Evidence.**
12

13     6.   The Court should be advised that there has been a change

14   in circumstances in this matter.  Jeffrey Danik ("Danik"), a

15   Former FBI Agent and Trial Consultant, has recently discovered

16   new evidence which indicates certain unauthorized illegal

17   activity by the CHS, and further misconduct in the initiation of

18   the case against Bouari.  Copies of Mr. Danik's reports[1] have

19   been forwarded to Assistant United States Attorney Robert A.

20   Knief, Esq., for his review.

21     7.   Further, Danik recently met with Assistant United States

22   Attorney Robert A. Knief, Esq., to discuss this newly discovered

23   evidence.  It is the understanding of Bouari's counsel that Mr.

24   _____

25        [1]Copies of Mr. Danik's reports are quite lengthy, and are not included as exhibits
     herein, but are already in the possession of Assistant United States Attorney, Robert Knief,
26   Esq.

27                                   -3-

28

1  Knief has been conducting an investigation based upon the
2  information provided to him by Mr. Danik.

3      8.    Based on this newly discovered evidence, it has become
4  clear that the allegations against Bouari presented at his
5  pre-trial detention hearing are now known to be inaccurate, and
6  that any allegations against him are now known to be
7  misrepresentations.

8              **B.   Bouari's Request for a Stipulation**
9                  **and Order for Release Pending Trial.**

10     9.    Further, and based on the information provided to
11  Assistant United States Attorney Robert A. Knief, Esq., counsel
12  for Bouari wrote to Mr. Knief on January 31, 2018, requesting a
13  Stipulation and Order for Release Pending Trial.  To date, there
14  has been no satisfactory response from Mr. Knief.  (A copy of
15  counsel's January 31, 2018 letter to Robert Knief, Esq., without
16  Exhibits, is attached hereto as **Exhibit "C."**)
17

18     10.   The Court should be advised that a similar indictment
19  against Ghassan Bouari, a co-defendant in this matter, was
20  recently dismissed on Motion by the United States itself, based
21  upon a collateral investigation, also conducted by this same
22  Former FBI Agent and Trial Consultant Danik, and the findings
23  which came out of said investigation.  (The Order dismissing the
24  indictment against co-defendant Ghassan Houbous Bouari, signed by
25
26
27                                 -4-
28

1  United States District Judge Mahan, and entered August 13, 2017

2  [ECF No. 116], is attached hereto as **Exhibit "D".**)

3      11.  Bouari reasonably believes that the disposition of his

4  case will mirror that of Ghassan Bouari's, and result in the

5  dismissal of the indictment.  Bouari believes that the reports

6  and evidence produced by Danik show that there is no credible

7  evidence against him in this case.  He welcomes the opportunity

8  to review these reports and evidence with counsel, and be heard

9  at the trial of this matter.  Based on the foregoing, it is

10  entirely reasonable that Bouari should seek to have this Court

11  reconsider his pre-trial detention status.

12

13              **C.   Bouari's Request to Assist His**

14                  **Counsel in Preparing for Trial.**

15      12.  Bouari wishes to assist his counsel in preparing for

16  trial.  Bouari is an educated and sophisticated individual who

17  became a United States citizen through service in the United

18  States Army, and who served the United States from 2003 to 2006,

19  and received an Honorable Discharge.  Bouari is also a college

20  graduate, with a Master's Degree from Boston University.  He has

21  ties to the community and is not a flight risk. (See, **Exh. "C."**)

22

23      13.  Based on the foregoing, it is respectfully submitted

24  that someone with Bouari's background and education, and who is

25  not a flight risk, would be an asset to his counsel in preparing

26  for trial.  The reports submitted by Danik are voluminous, and

27                                  -5-

28

will require hours for Bouari and his counsel to review; such review would best take place in counsel's office.

14.   Bouari will cooperate fully with all Orders and directives of the Court, and will post any required bond, to ensure his appearance at all Court ordered appointments and hearings.

15.   Based on the foregoing, Bouari respectfully requests that he be granted pre-trial release, and that he be released on his own recognizance pending trial.   (A copy of a Proposed Order Granting Defendant's Motion to Reconsider Defendant's Pre-Trial Detention Status is attached hereto as **Exhibit "E."**)

16.   Based on the foregoing, a hearing on Bouari's Motion is requested as soon as practicable, both in the interest of justice, and to prevent any further miscarriage of justice from occurring.

WHEREFORE, Defendant EMILE EDWARD BOUARI respectfully requests that a hearing be scheduled as soon as practicable in this matter.

**DATED:** April 12, 2018

Respectfully Submitted,

MONT E. TANNER, ESQ.
Nevada Bar Number 004433
LAW OFFICES OF MONT E. TANNER
2950 East Flamingo Road, Suite G
Las Vegas, Nevada 89121
Telephone: (702) 369-9614
Facsimile: (702) 369-5731
    *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the _18_ **th** day of April, 2016, I electronically transmitted the foregoing **"MOTION TO RECONSIDER DEFENDANT'S PRE-TRIAL DETENTION STATUS,"** to the Clerk's office using the System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter, all counsel begin registered to receive Electronic Filing.

**DATED:** this _18_ th day of April, 2018.

LAW OFFICES OF MONT E. TANNER

/s/ Mont E. Tanner, Esq.
An employee of Mont E. Tanner

-7-

EXHIBIT "A"

AO 472  (Rev. 09/08)  Detention Order Pending Trial

# UNITED STATES DISTRICT COURT

for the

District of Nevada

☐  under 18 U.S.C. § 924(c).

☐ (2)  The defendant has not rebutted the presumption established by finding 1 that no condition will reaso the defendant's appearance and the safety of the community.

### Alternative Findings (B)

x  (1)  There is a serious risk that the defendant will not appear.

x  (2)  There is a serious risk that the defendant will endanger the safety of another person or the commu

The defendant is ordered detained as both a flight risk and as a danger to the community for the following reasons: The c significant and substantial ties to multiple countries around the world. Defendant has no substantial ties to this or any oth in the United States. Defendant has no verifiable means of lawful and gainful employment. The offenses charged involve undercover operations involving money laundering for the stated purpose of engaging in laundering proceeds of narcotic and commercial sex acts. The Government represents there are approximately 60 recordings between the defendant and a officer engaging in the schemes alleged in the Indictment as well as discussing other unlawful schemes such as a scheme Social Security numbers to commit identity theft and IRS fraud. The Government represents the defendant sold 7-10 Soc numbers to the undercover officer. The Government's proffer indicates the defendant had multiple discussions about cau physical injury to a lawyer with whom he had a dispute over a lawsuit. The detailed nature of the discussions indicate mo wishful thinking by telling the undercover officer detailed information about where the attorney worked, where he lived, visited his mother, what kind of car he drove, who his partners were, how he could be approached in multiple areas, incl a client to gain access to his law office, assaulting him at his mother's house on Sunday evenings when he had dinner wi getting him on his way to his car. The defendant suggested he has foreign ties in the Middle East that would be more vio beating him up, putting him in a wheelchair, or breaking bones. The Government's proffer indicated that the defendant v with an undercover officer discussing having Middle Eastern men from Dubai come to the United States for the purpose with 16 yr old girls, for which the defendant would profit from procuring. .

### Part II— Statement of the Reasons for Detention

The Court finds the defendant is a flight risk by the preponderance of the evidence and a danger to the community by clear and convincing evidence and that there are no conditions or combination of conditions that could be fashioned that would reasonably assure the defendant's appearance or the defendant to not re-offend.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corr separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant mus reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for th the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date:        February 19, 2016

_Judge's Signature_

PEGGY A. LEEN., UNITED STATES MAGISTRATE

_Name and Title_

# EXHIBIT "B"

Nevada Bar No. 6168
**JUSTICE LAW CENTER**
1100 S. Tenth Street
Las Vegas, NV 89104
(702) 731-0000
admin@justice-law-center.com
*Attorney for Defendant Mary Green*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

THE UNITED STATES OF AMERICA,

                            Plaintiffs,

vs.

EMILE EDWARD BOUARI, et al.,

                            Defendant.

Case No.:   2:16-cr-0032-JCM-GWF

**STIPULATION TO CONTINUE CALENDAR CALL AND TRIAL DATE**

(Fifth Request)

IT IS HEREBY STIPULATED AND AGREED, by and between ROBERT A. KNIEF, ESQ., Assistant United States Attorney, counsel for the UNITED STATES OF AMERICA, THOMAS A. ERICSSON, ESQ., counsel for the defendant, KIMBERLY ANN MILKO; BRET O. WHIPPLE, ESQ., counsel for defendant MARY GREEN; and MONTE TANNER, ESQ., counsel for defendant, EMILE BOUARI; that the calendar call currently scheduled for January 31, 2018 and the trial date currently scheduled for February 5, 2018 be vacated and continued to at least 90 days to a date and time that is convenient for this Honorable court.

This stipulation is entered into for the following reasons:

1. On December 18, 2017, Counsel, Monte Tanner, Esq., filed a Notice of Appearance on behalf of Defendant, Emile Bouari.

2. The parties are currently in ongoing discussions to resolve this case that could render the trial unnecessary.

1

3. In the event that there is no resolution, the parties will need additional time to finish reviewing the discovery, conducting their investigations, and finalizing trial preparations.

4. Counsel for EMILE BOUARI has been on the case for less than one (1) month and will need more time to review discovery and prepare for trial. The discovery in this case is voluminous and contains 60 recordings memorializing in excess 120 hours but less than 500 hours of English language conversations.

5. Counsel for MARY GREEN has spoken to Assistant United States Attorney Robert Kneif and he has no objection to the continuance.

6. Counsel for KIMBERLY ANN MILKO has spoken to his client and she has no objection to the continuance.

7. Counsel for defendant EMILE EDWARD BOUARI has spoken to his client, who is in custody, and he has no objection to the continuance.

8. Counsel for MARY GREEN has spoken to his client and she has no objection to the continuance.

9. The additional time requested herein is not for purposes of delay.

10. Denial of this request for a continuance could result in a miscarriage of justice.

11. This is the Fifth Request to continue the trial date in this matter.

Dated this 9<u>th</u> day of January, 2018.

**JUSTICE LAW CENTER**

_/s/ Bret O. Whipple_
BRET O. WHIPPLE, ESQ.
Nevada Bar No. 6168
1100 South Tenth Street
Las Vegas, Nevada 89104

/s/ Thomas Ericsson                    .
THOMAS A. ERICSSON, ESQ.
Counsel for Kimberly Ann Milko

/s/  Robert Knief                      .
ROBERT A. KNIEF, ESQ.
Assistant United States Attorney Counsel for USA

 /s/  Monte Tanner                     .
MONTE TANNER, ESQ.
Counsel for Emile Edward Bouari

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

THE UNITED STATES OF AMERICA,

                     Plaintiffs,

     vs.

EMILE EDWARD BOURARI, et al.,

                    Defendant.

Case No.:  2:16-cr-0032-JCM-GWF

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER**

(FIFTH REQUEST)

Based on the pending stipulation of counsel, and good cause appearing therefore, the Court finds that:

1. On December 18, 2017, Counsel, Monte Tanner, Esq., filed a Notice of Appearance on behalf of Defendant, Emile Bouari.

2. The parties are currently in ongoing discussions to resolve this case that could render the trial unnecessary.

3. In the event that there is no resolution, the parties will need additional time to finish reviewing the discovery, conducting their investigations, and finalizing trial preparations.

4. Counsel for EMILE BOUARI has been on the case for less than one (1) month and will need more time to review discovery and prepare for trial. The discovery in this case is voluminous and contains 60 recordings memorializing in excess 120 hours but less than 500 hours of English language conversations.

5. Counsel for MARY GREEN has spoken to Assistant United States Attorney Robert Kneif and he has no objection to the continuance.

6. Counsel for KIMBERLY ANN MILKO has spoken to his client and she has no objection to the continuance.

3

7. Counsel for defendant EMILE EDWARD BOUARI has spoken to his client, who is in custody, and he has no objection to the continuance.

8. Counsel for MARY GREEN has spoken to his client and she has no objection to the continuance.

9. The additional time requested herein is not for purposes of delay.

10. Denial of this request for a continuance could result in a miscarriage of justice.

11. This is the Fifth Request to continue the trial date in this matter.

.

## CONCLUSION OF LAW

The ends of justice served by granting said continuance outweigh the interests of the public and the defense in a speedy trial, since the failure to grant said continuance would be likely to result in a miscarriage of justice, would deny the defendants sufficient time and the opportunity within which to be able to effectively prepare for trial, taking into account the exercise of due diligence.

The continuance sought herein is excludable under the Speedy Trial Act, Title 18 U.S.C. 3161(h)(7)(A), considering the factors under Title 18 U.S.C. 3161(h)(7)(B)(i) and 3161(h)(7)(B)(iv).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## ORDER

IT IS THEREFORE ORDERED that the calendar call currently scheduled for January 31, 2018 at the hour of 1:30 p.m. be vacated and continued to the **16th day of May, 2018 at 1:30 p.m.**

IT IS FURTHER ORDERED that the jury trial currently scheduled for February 5, 2018 at the hour of 9:00 a.m. be vacated and continued to the **21st day of May , 2018 at 9:00 a.m.**

DATED January 11, 2018.

_Jerm C. Mahan_
UNITED STATES DISTICT COURT JUDGE

# EXHIBIT "C"

MONT E. TANNER, ESQ.

LAW OFFICES OF
# MONT E. TANNER
ATTORNEY AT LAW
2950 EAST FLAMINGO ROAD, SUITE G, LAS VEGAS, NEVADA, 89121
TELEPHONE: (702)369-9614
FACSIMILE: (702)369-5731
MTANNERLAW@AOL.COM

January 31, 2018

Via Emai:  rknief@usa.doj.gov
Office of the United States Attorney
333 Las Vegas Boulevard - Suite 5000
Las Vegas, Nevada  89101
Attn:  Robert A. Knief, Esq.
       Assistant United States Attorney

      Re:    The United States of America v. Emile Edward Bouari
              Case No:  2:16-cr-00032-JCM-GWF
              Request for Stipulation and Order for Release Pending Trial

Dear Mr. Knief:

      This firm represents Defendant Emile Bouari ("Bouari"), in the above entitled action.

      Please be advised that we have reviewed the February 19, 2016 Findings of United States Magistrate, Peggy A. Leen [Doc. 34], (the "February 19, 2016 Findings"), which resulted in Bouari's incarceration.  As you know, Bouari was incarcerated in February, 2016, and remains in custody to this day, **a full two years** since the February 19, 2016 Findings.  (A copy of the Findings is attached hereto as Exhibit "A" for your reference.)

      Please be further advised that we have also reviewed the proposed Plea Agreement Under Fed. R. Crim. P. 11(e)(1)(A) and (B), (the "Proposed Plea Agreement").  We note, specifically, that had Bouari accepted a plea in this matter, he would have been released from custody already.  (A copy of the Proposed Plea Agreement is attached hereto as Exhibit "B" for your reference.)

Robert A. Knief, Esq.
January 31, 2018
Page Two

Please be further advised that we are aware that certain documents and information have been submitted to you on Bouari's behalf.  The documents and information are in the form of a report by former FBI Agent and Trial Consultant, Jeffrey Danik (the "Danik Report"), which details a plethora of misconduct and unauthorized activity on the part of those involved in the initiation of this case.  We have been further advised that, based on the Danik Report, you are in the process of conducting an investigation into the initiation of this case, and Bouari's resulting indictment, with a view towards determining whether Bouari's constitutional rights were violated in this matter.

We note also that the February 4, 2018 trial date has been continued to May 21, 2018.  If Bouari is released pending trial, he will be better able to assist his counsel in preparing for trial.

Based on the foregoing, we write today to request a Stipulation and Order allowing for Bouari's release pending trial.  In support of our request, we respectfully submit the following facts and information which we trust will address the issues in Magistrate Leen's February 19, 2016 Findings, to wit: (1) the possibility of Bouari being a flight risk; and (2) the possibility of Bouari endangering the safety of another person or the community.

### A.  Bouari  Is Not a Flight Risk;  Bouari Has Contacts With Family and Friends, and He Has Ties to His Community.

Bouari is not a flight risk; he has numerous contacts with family and friends, and he has substantial ties to his community.

### 1. Background and Education.

Specifically, Bouari has a sterling background.  He has been a United States citizen for over a dozen years.  He became a citizen through his service in the United States Army.  Bouari served in the Army from 2003 to 2006, and received an Honorable Discharge.  Bouari also has a Master's Degree from Boston University.

Robert A. Knief, Esq.
January 31, 2018
Page Three


### 2. Contacts.

Bouari left Las Vegas, Nevada in June, 2015 and moved to Tampa, Florida, and then to Miami, Florida at the end of 2015.  His previous landlord in Las Vegas was Mr. Jorge Rodriguez, who can be contacted by email at: jrodriguez@havenrealtycap.com.

Bouari also has a step-daughter, Ms. Sydney Milko, with whom he is in regular contact.  Ms. Milko's mother, Kimberly Ann Milko, is a co-defendant in this matter.  Other individuals who are Bouari's colleagues and friends, and who are willing to vouch for his good character are:   Bouari's accountant, Ms. Lavetta Hankins, telephone number:  (702) 619-111;  Ms. Ciara Brown, telephone number:  (702) 741-1761; and  Lamone Price, telephone number: (702) 801-8822.

### 3. Employment.

Although Bouari lost his business due to his incarceration, he remains friends with Mr. Steve Fitch of "Healthy Systems USA," and will be able to work with Mr. Fitch upon his release.  Mr. Fitch is also willing to vouch for Bouari's character.


### B.   Bouari Will Not Endanger the Safety of Another Person or that of His Community.

Finally, Bouari will not endanger the safety of any other person, or that of his community.  Bouari has no previous convictions, either for non-violent or violent offenses.

Note that Bouari is agreeable to, and will cooperate fully with, a Court order that he wear an ankle monitor, and/or reside in a Court approved  "half-way" house pending his trial.

Robert A. Knief, Esq.
January 31, 2018
Page Four

At this juncture, Bouari is only interested in assisting his counsel prepare for his upcoming trial on May 21, 2018, and has no interest in endangering others or his community. Further, Bouari would not seek to do anything illegal because he would not want to jeopardize the case against his co-defendant, Kimberly Ann Milko.

Based on the foregoing responses to the February 19, 2016 Findings, the Proposed Plea Agreement, and your ongoing investigation into the information in the Danik Report, we respectfully request that your office stipulate to Bouari's release pending the trial of this matter.

If you have any questions, or need further documents or information, please do not hesitate to contact our offices at any time. Thank you for your assistance herein.

Respectfully yours,
LAW OFFICES OF MONT E. TANNER

_____
Mont E. Tanner, Esq.

Enclosures

EXHIBIT "D"

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:16-CR-32 JCM (GWF) |
| Plaintiff(s), | ORDER |
| v. | |
| EMILE EDWARD BOUARI, et al., | |
| Defendant(s). | |

Presently before the court is the United States' motion to dismiss the criminal indictment against Ghassan Bouari Houbous in this matter pursuant to Federal Rule of Criminal Procedure 48(a). (ECF No. 113). Defendant filed a non-opposition response to the motion. (ECF No. 114).

The government requests that the court dismiss the indictment against defendant Ghassan Bouari Houbous "following additional investigation and in the interests of justice." The government may, with the leave of the court, dismiss an indictment, information, or complaint before trial. FED. R. CRIM. PRO. 48(a).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the United States' motion to dismiss the criminal indictment in this matter pursuant to Federal Rule of Criminal Procedure 48(a) (ECF No. 113) be, and the same hereby is, GRANTED.

DATED August 9, 2017.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

# EXHIBIT "E"

MONT E. TANNER, ESQ.
Nevada Bar Number 004433
LAW OFFICES OF MONT E. TANNER
2950 East Flamingo Road, Suite G
Las Vegas, Nevada 89121
Telephone: (702) 369-9614
Facsimile: (702) 369-5731
  *Attorney for Defendant*

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.:   2:16-CR-00032-JCM-GWS |
| Plaintiff, | |
| vs. | **ORDER GRANTING DEFENDANT'S MOTION TO RECONSIDER DEFENDANT'S PRE-TRIAL DETENTION STATUS** |
| EMILE EDWARD BOUARI, | |
| Defendant. | |

   **IT IS HEREBY ORDERED** that Defendant Emile E. Bouari's

("Bouari"), MOTION TO RECONSIDER DEFENDANT'S PRE-TRIAL DETENTION

STATUS is hereby **GRANTED**.

   Dated the _____ day of April, 2018.


                                    _____
                                    UNITED STATES MAGISTRATE JUDGE