1
2
3
4
5
6
7 MONT E. TANNER, ESQ.
Nevada Bar Number 004433
8 LAW OFFICES OF MONT E. TANNER
2950 East Flamingo Road, Suite G
9 Las Vegas, Nevada 89121
Telephone: (702) 369-9614
10 Facsimile: (702) 369-5731
   *Attorney for Defendant*
11   *Emile Bouari*
12
13 **UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**
14

15 UNITED STATES OF AMERICA,      CASE NO.:   2:16-CR-00032-JCM-GWS

16                Plaintiff,      **MOTION TO CONTINUE**
                                  **CALENDAR CALL AND TRIAL DATE**
17 vs.
                                  (Sixth Request)
18 EMILE EDWARD BOUARI,

19                Defendant.
20

21
22      COMES NOW, Defendant, **EMILE EDWARD BOUARI** ("Bouari"), by and
23
   through his counsel of record, Mont E. Tanner, Esq., and hereby
24
   respectfully requests that the Court continue the calendar call,
25
   currently scheduled for May 16, 2018, and the trial date
26
   currently set for May 21, 2018 based on:
27
28

**(a)** the failure of the U.S. Attorney's Office to finalize its review of certain exculpatory evidence submitted to the U.S. Attorney's Office by counsel for Bouari's investigative team, and report back to counsel for Bouari as to the outcome of the Federal Bureau of Investigation's (the "FBI"), investigation into the methods and practices of the U.S. Attorney's Office, the Confidential Human Source (the "CHS"), and the Under Cover Agent ("UC"), in the initiation of this case against Bouari and his co-defendants, and wether Bouari's constitutional rights were violated; and

**(b)** the fact that Bouari has only been released from pre-trial detention on May 4, 2018, and will not have sufficient time to assist his counsel in preparing for trial by May 21, 2018.

This motion is made and based upon the attached Statement of the Law, the Statements of Facts, and Exhibits and any evidence deemed appropriate by the Court at hearing to be set as soon as practicable.

## PRELIMINARY STATEMENT

1.   This is an action with multiple defendants.   The charges against the defendants include, *inter alia*, money laundering.

-2-

2. This Court has recently continued Bouari's trial date to May 21, 2018, with a calendar call on May 16, 2018. (A copy of the Stipulation to continue the Calendar Call and Trial Date, signed by Judge Mahan on January 11, 2018, is attached hereto as **Exhibit "A."**)

3. On May 3, 2018, a Detention Hearing as to Bouari was held before the Honorable Magistrate Judge Peggy A. Leen. Judge Leen granted Bouari's motion and ordered Bouari released on a personal recognizance bond under special conditions. (A copy of Judge Lien's Minute Order is attached hereto as **Exhibit "B."**)

4. Bouari was released on May 4, 2018, and was fitted with GPS monitoring equipment. (A copy of the PR Bond, detailing the conditions of Bouari's release is attached hereto as **Exhibit "C."**)

5. After being incarcerated for some twenty seven months, Bouari's release comes just seventeen (17) days before his scheduled trial. As set forth below, the evidence in this case is voluminous, and the exculpatory evidence, when reviewed, will show that Bouari's constitutional rights have been violated. Bouari now requests a continuation of the trial to review the yet to be completed investigative report from the U.S. Attorney's Office regarding the exculpatory evidence submitted by counsel for Bouari, as well as the FBI's investigation into the methods and practices involved in the initiation of this case.

-3-

**THE LAW**

6.   Local Criminal Court Rule 45-2 provides, in pertinent part, for the continuance of a trial as follows:

> "A request to continue a trial date, whether by motion or stipulation, will not be considered unless it sets forth in detail the reasons a continuance is necessary and the relevant statutory citations for excludable period of delay, if any, under the Speedy Trial Act, Title 18 U.S.C. Section 3161(h). The request must be accompanied by a proposed order that contains factual finds and relevant statutory citations, if any."

Set forth below are the numerous and detailed reasons for the requested continuance, and which are excludable periods under 18 U.S.C. Section 3161(h)(7)(A), and which are considered under the factors under Title 18 U.S.C. Section 3161(h)(7)(B)(i), (ii), and (iv).

Specifically, 18 U.S.C. Section 3161(h)(7)(A) provides, in part, as follows:

> "(7)(A)   Any period of delay resulting from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel. . . ."

18 U.S.C. Section 3161(h)(7)(B)(i), (ii), and (iv), provide, in part, as follows:

> "(B) The factors, among others, which a judge shall consider in determining whether to grant a continuance under subparagraph (A) of this paragraph in any case are as follows:
>
> (i) Whether the failure to grant such a continuance in the proceeding would be

-4-

1
2

    likely to make a continuation of such
    proceedings impossible, or result in
    a miscarriage of justice.

3
4
5
6
7

    **(ii)** Whether the case is so unusual or so
    complex, due to the number of defendants,
    the nature of the prosecution, or the
    existence of novel questions of act or law,
    that is it is unreasonable to expect adequate
    preparation for pretrial proceedings or
    for the trial itself within the time limits
    established by this section.

8

      *  *  *

9
10
11
12
13
14
15

    **(iv)** Whether the failure to grant such a
    continuance in a case which, taken as a
    whole, is not so unusual or so complex as
    to fall within clause (ii), would deny the
    defendant reasonable time to obtain counsel,
    would reasonably deny the defendant or the
    Government continuity of counsel, or would
    deny counsel for the defendant or the attorney
    for the Government the reasonable time
    necessary for effective preparation, taking
    into account the exercise of due diligence."

16
17

(A copy of the Proposed Order Continuing the Calendar Call and the Trial Date is attached hereto as **Exhibit "D.")**

18
19
20
21
22
23
24
25
26
27

  7. In the instant case, Bouari was released just seventeen days prior to his scheduled trial date. Further, there is a tremendous volume of evidence to review. Finally, as set forth below, upon information and belief, Assistant U.S. Attorney Robert Knief, Esq. ("Knief"), has not completed his investigation into the evidence submitted to him by Bouari's investigative team, and the FBI has not completed its own investigation into the methods and practices employed in the initiation of this case.

28

8. Based on the foregoing, it is respectfully submitted that the instant case warrants a continuance.

### THE MOTION FOR A CONTINUANCE.

A. **Bouari Has a Right to a Determination As to Whether the Initiation of the Case Against Him Was Motivated By Personal Animus; Involved Illegal Conduct; and Violated His Constitutional Rights, Based on Exculpatory Evidence Submitted to the United States Attorney's Office.**

9. As set forth in the Motion to Reconsider Bouari's Pretrial Detention Status, which was granted by Judge Leen (see, **Exh. "B"**), Knief is in possession of Bouari's evidence in this matter, and the evidence submitted to Knief is exculpatory as to Bouari. Further, the exculpatory evidence itself is the subject of an investigation by the FBI. Upon information and belief, the FBI investigation has not been completed.

10. Specifically, in or about November, 2017, Mr. Jeffrey Danik ("Danik"), a Former FBI Agent and Trial Consultant, discovered evidence which indicated certain unauthorized illegal activity by the Confidential Human Source (the "CHS"), in this matter, as well as unauthorized illegal activity by the Under Cover Agent (the "UC"), working on the case against Bouari.

-6-

Copies of Mr. Danik's reports[1] have been forwarded to Knief for his review by Bouari's former counsel.

11.   Further, Danik has uncovered evidence to the effect that the initiation of this case was motivated by personal animus of former Assistant U.S. Attorney Paul Padda, Esq. ("Padda"), against Bouari.   Upon information and belief, Padda had a personal relationship with a female acquaintance of Bouari.   When said relationship soured, Padda used his legal authority to commence an investigation into Bouari.   Upon information and belief, Padda caused and directed the UC and the CHS to conduct a sting operation against Bouari, and Bouari's co-defendants, in an unethical and illegal manner, and in violation of Bouari's constitutional rights.

12.   Despite the foregoing information being submitted to Knief in 2017, and despite newly substituted counsel writing to Knief on January 31, 2018 for, *inter alia,* a status update, according to Knief, the FBI has still not completed its investigation into the exculpatory evidence submitted.[2]

---

[1]Copies of Mr. Danik's reports are quite lengthy, and are not included as exhibits herein, but are already in the possession of Assistant United States Attorney, Robert Knief, Esq.

[2] Further documentary exculpatory evidence was submitted to Knief just prior to the hearing of Bouari's May 3, 2018 Motion to Reconsider Pre-trial Detention. Upon information and belief, the FBI has not even had time to investigate, review and consider this additional exculpatory evidence, and Knief has not telephoned counsel for Bouari to discuss same.

-7-

13.   The trial date is now set for May 21, 2018, and it appears that Knief has still not finished reviewing the Danik evidence, and that his investigation is still ongoing.  Knief has never reported to counsel for Bouari, either by telephone or by letter, and not even by an informal e-mail, that he has reviewed the exculpatory evidence submitted to him in November, 2017 by Bouari's investigative team.

14.   Despite the foregoing, and although it is sufficiently clear that Knief has failed in his obligation and duty to conduct a complete and thorough review, and report on exculpatory evidence submitted to his office, Knief has advised counsel for Bouari of one thing:  **that the CHS, the confidential informant against Bouari, will not be called at trial because, according to Knief  *"the informant is a side show."***  This one statement by Knief that he will not even call the informant against Bouari, is demonstrative of the fact that even the Government knows that the witness(es) against Bouari lack credibility, and that the entire prosecution is tainted by the illegal and unethical methods and practices of: former Assistant U.S. Attorney, Paul Padda, Esq., the Confidential Human Source, and the Under Cover Agent involved in this matter.  But there is a plethora of indicia that this entire prosecution is tainted.

15.   It is respectfully submitted that Bouari has a right to a determination as to whether the initiation of the case against

-8-

1   him was motivated by personal animus; involved illegal conduct;
2   and violated his constitutional rights, based on exculpatory
3   evidence submitted to the United States Attorney's Office.   To
4   date, no report has been forthcoming, and Bouari should not be
5   obligated to stand trial without a thorough review of the
6   personal animus of Paul Padda which resulted in the initiation of
7   the investigation into Bouari and his co-defendants, and the
8   methods and practices of the Confidential Human Source and the
9   Under Cover Agent, whose actions were directed and influenced by
10  Paul Padda, Esq.
11

12      16.   Based on the foregoing, Bouari respectfully requests
13  that the calendar call and the trial date for this matter be
14  continued so that Bouari and his counsel have an opportunity to
15  address the unethical and illegal Government actions detailed
16  herein, and the violation of Bouari's Constitutional Rights.

17

18          **B.   Bouari and Counsel for Bouari Need**
                 **Additional Time to Review the Volumes**
19               **Of Evidence; to Interview Witnesses;**
                 **And to Subpoena Certain Records**
20               **Necessary to Bouari's Defense.**

21

22      17.   Counsel for Bouari has been on this case for less than
23  six months.   When Mont Tanner, Esq., was substituted for Bouari's
24  previous counsel, Bouari had already been in pre-trial detention
25  for almost two years.   Counsel for Bouari had to obtain the file
26

27                                    -9-
28

1   from prior counsel, and begin a review of what turned out to be a
2   voluminous and complex case.

3       18.   Counsel for Bouari has spent time attempting to obtain
4   an accounting, and a partial refund, of the retainer Bouari paid
5   to his former counsel, to no avail.  Counsel for Bouari has been
6   constrained to commence an action against Bouari's former counsel
7   to obtain needed funds for Bouari's defense.

8       19.   Counsel for Bouari tried to obtain a stipulation from
9   Knief to release Bouari from pre-trial detention, to no avail.
10  Counsel for Bouari was finally constrained to make a motion to
11  release Bouari, which was granted.
12

13      20.   This case is voluminous and contains sixty (60)
14  recordings, which memorialize in excess of one hundred twenty
15  (120) hour but less than five hundred (500) hours of English
16  language conversations, emails and texts, among Bouari, co-
17  defendants, the UC, and other individuals.

18      21.   Counsel for Bouari needs additional time to continue
19  his review of the volumes of evidence, together with Bouari, and
20  with Bouari's investigative team; to interview witnesses; and to
21  subpoena certain records necessary to Bouari's defense.

22      22.   At this juncture, the trial date is May 21, 2018, and
23  Bouari was only released from pre-trial detention on May 4, 2018.
24  It is respectfully submitted that the request for additional time
25

26

27                                  -10-
28

1   is absolutely necessary for Bouari to prepare his defense, and

2   that the request is not being interposed for any delay.

3       23.  Based on the foregoing, Bouari respectfully requests

4   that the calendar call and the trial in this matter be continued

5   so that Bouari may meet with his investigative team, and better

6   assist his counsel in preparing for trial.

7       WHEREFORE, Defendant EMILE EDWARD BOUARI respectfully

8   requests that the within motion be granted in its entirety.

9       **DATED:** May 8, 2018.

10

11                              Respectfully Submitted,

12

13                              _____
                                MONT E. TANNER, ESQ.
14                              Nevada Bar Number 004433
                                LAW OFFICES OF MONT E. TANNER
15                              2950 East Flamingo Road, Suite G
                                Las Vegas, Nevada 89121
16                              Telephone: (702) 369-9614
                                Facsimile: (702) 369-5731
17                              *Attorney for Defendant*

18

19

20

21

22

23

24

25

26

27
                                        -11-
28

## CERTIFICATE OF SERVICE

I hereby certify that on the **8th day of May, 2018,** I electronically transmitted the foregoing **"MOTION TO CONTINUE CALENDAR CALL AND TRIAL DATE,"** to the Clerk's office using the System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter, all counsel begin registered to receive Electronic Filing.

**DATED**: this 8th day of May, 2018.

LAW OFFICES OF MONT E. TANNER

/s/ Mont E. Tanner, Esq.
An employee of Mont E. Tanner

-12-

# EXHIBIT "A"

Nevada Bar No. 6168
**JUSTICE LAW CENTER**
1100 S. Tenth Street
Las Vegas, NV 89104
(702) 731-0000
admin@justice-law-center.com
*Attorney for Defendant Mary Green*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| THE UNITED STATES OF AMERICA, | |
| Plaintiffs, | Case No.: 2:16-cr-0032-JCM-GWF |
| vs. | **STIPULATION TO CONTINUE CALENDAR CALL AND TRIAL DATE** |
| EMILE EDWARD BOUARI, et al., | (Fifth Request) |
| Defendant. | |

IT IS HEREBY STIPULATED AND AGREED, by and between ROBERT A. KNIEF, ESQ., Assistant United States Attorney, counsel for the UNITED STATES OF AMERICA, THOMAS A. ERICSSON, ESQ., counsel for the defendant, KIMBERLY ANN MILKO; BRET O. WHIPPLE, ESQ., counsel for defendant MARY GREEN; and MONTE TANNER, ESQ., counsel for defendant, EMILE BOUARI; that the calendar call currently scheduled for January 31, 2018 and the trial date currently scheduled for February 5, 2018 be vacated and continued to at least 90 days to a date and time that is convenient for this Honorable court.

This stipulation is entered into for the following reasons:

1. On December 18, 2017, Counsel, Monte Tanner, Esq., filed a Notice of Appearance on behalf of Defendant, Emile Bouari.

2. The parties are currently in ongoing discussions to resolve this case that could render the trial unnecessary.

1

3. In the event that there is no resolution, the parties will need additional time to finish reviewing the discovery, conducting their investigations, and finalizing trial preparations.

4. Counsel for EMILE BOUARI has been on the case for less than one (1) month and will need more time to review discovery and prepare for trial. The discovery in this case is voluminous and contains 60 recordings memorializing in excess 120 hours but less than 500 hours of English language conversations.

5. Counsel for MARY GREEN has spoken to Assistant United States Attorney Robert Kneif and he has no objection to the continuance.

6. Counsel for KIMBERLY ANN MILKO has spoken to his client and she has no objection to the continuance.

7. Counsel for defendant EMILE EDWARD BOUARI has spoken to his client, who is in custody, and he has no objection to the continuance.

8. Counsel for MARY GREEN has spoken to his client and she has no objection to the continuance.

9. The additional time requested herein is not for purposes of delay.

10. Denial of this request for a continuance could result in a miscarriage of justice.

11. This is the Fifth Request to continue the trial date in this matter.

Dated this 9th day of January, 2018.

**JUSTICE LAW CENTER**

_/s/ Bret O. Whipple_
BRET O. WHIPPLE, ESQ.
Nevada Bar No. 6168
1100 South Tenth Street
Las Vegas, Nevada 89104

/s/ Thomas Ericsson
THOMAS A. ERICSSON, ESQ.
Counsel for Kimberly Ann Milko

/s/ Robert Knief
ROBERT A. KNIEF, ESQ.
Assistant United States Attorney Counsel for USA

/s/ Monte Tanner
MONTE TANNER, ESQ.
Counsel for Emile Edward Bouari

2

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

THE UNITED STATES OF AMERICA,

                Plaintiffs,

    vs.

EMILE EDWARD BOURARI, et al.,

              Defendant.

Case No.: 2:16-cr-0032-JCM-GWF

**FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER**

(FIFTH REQUEST)

Based on the pending stipulation of counsel, and good cause appearing therefore, the Court finds that:

1. On December 18, 2017, Counsel, Monte Tanner, Esq., filed a Notice of Appearance on behalf of Defendant, Emile Bouari.

2. The parties are currently in ongoing discussions to resolve this case that could render the trial unnecessary.

3. In the event that there is no resolution, the parties will need additional time to finish reviewing the discovery, conducting their investigations, and finalizing trial preparations.

4. Counsel for EMILE BOUARI has been on the case for less than one (1) month and will need more time to review discovery and prepare for trial. The discovery in this case is voluminous and contains 60 recordings memorializing in excess 120 hours but less than 500 hours of English language conversations.

5. Counsel for MARY GREEN has spoken to Assistant United States Attorney Robert Kneif and he has no objection to the continuance.

6. Counsel for KIMBERLY ANN MILKO has spoken to his client and she has no objection to the continuance.

3

7. Counsel for defendant EMILE EDWARD BOUARI has spoken to his client, who is in custody, and he has no objection to the continuance.

8. Counsel for MARY GREEN has spoken to his client and she has no objection to the continuance.

9. The additional time requested herein is not for purposes of delay.

10. Denial of this request for a continuance could result in a miscarriage of justice.

11. This is the Fifth Request to continue the trial date in this matter.

## CONCLUSION OF LAW

The ends of justice served by granting said continuance outweigh the interests of the public and the defense in a speedy trial, since the failure to grant said continuance would be likely to result in a miscarriage of justice, would deny the defendants sufficient time and the opportunity within which to be able to effectively prepare for trial, taking into account the exercise of due diligence.

The continuance sought herein is excludable under the Speedy Trial Act, Title 18 U.S.C. 3161(h)(7)(A), considering the factors under Title 18 U.S.C. 3161(h)(7)(B)(i) and 3161(h)(7)(B)(iv).

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

4

## ORDER

IT IS THEREFORE ORDERED that the calendar call currently scheduled for January 31, 2018 at the hour of 1:30 p.m. be vacated and continued to the **16th day of May, 2018 at 1:30 p.m.**

IT IS FURTHER ORDERED that the jury trial currently scheduled for February 5, 2018 at the hour of 9:00 a.m. be vacated and continued to the **21st day of May , 2018 at 9:00 a.m.**

DATED January 11, 2018.

_____
UNITED STATES DISTICT COURT JUDGE

5

# EXHIBIT "B"

The following transaction was entered on 5/4/2018 at 11:56 AM PDT and filed on 5/3/2018

**Case Name:**        USA v. Bouari et al
**Case Number:**      2:16-cr-00032-JCM-GWF
**Filer:**
**Document Number:** 152(No document attached)

**Docket Text:**
MINUTES OF PROCEEDINGS - Detention Hearing as to Emile Edward Bouari held on 5/3/2018 before Magistrate Judge Peggy A. Leen. Crtrm Administrator: *Jeff Miller*; AUSA: *Robert Knief*; Def Counsel: *Mont Tanner, Esq.*; PTS: *Emily McKillip*; Court Reporter/Recorder: *Liberty/CRD*; Recording start and end times: *3:52:01 - 4:10:20*; Courtroom: *3B*; Defendant is present in US Marshals custody and in no form of restraints. The Court appears telephonically for these proceedings. The parties have reviewed the most recent report from Pretrial Services. Government Counsel states his position for the record and represents he is ready to proceed to trial as scheduled. The Court hears representations from Defense Counsel. Defense Counsel represents the Proposed Plea Agreement was extended to Defendant Bouari before he undertook representation of the Defendant and that he has not reviewed it. Government Counsel represents that the Proposed Plea Agreement is still available and has not yet been withdrawn. The Court hears the representations of Counsel regarding the proposed release conditions. **IT IS ORDERED:**Defendant's Motion to Shorten Time... [142] is GRANTED. Defendant Bouari is released on a PR Bond under special conditions. Defendant Bouari shall be released from custody on the morning of 5/04/2018 to be fitted with his GPS monitoring equipment. (Copies have been distributed pursuant to the NEF - JAM)

**2:16-cr-00032-JCM-GWF-1 Notice has been electronically mailed to:**

Benjamin C Durham    bdurham@vegasdefense.com

Bret O Whipple    admin@justice-law-center.com, michaelm@justice-law-center.com, tatumw@justice-law-center.com

Kimberly M Frayn    kimberly.frayn@usdoj.gov, Christie.Hudson@usdoj.gov, USANV.team3@usdoj.gov

Mont E Tanner    mtannerlaw@aol.com

Thomas A. Ericsson    tom@oronozlawyers.com, alicia@oronozlawyers.com, rachael@oronozlawyers.com

Robert Knief    Robert.Knief@usdoj.gov, Christie.M.Sequeira@usdoj.gov, USANV.team3@usdoj.gov, caseview.ecf@usdoj.gov, christie.m.sequeira@usdoj.gov, denise.cope@usdoj.gov

# EXHIBIT "C"

AO 98 (Rev. 12/11) Appearance Bond

FILED _____ RECEIVED
ENTERED _____ SERVED ON
COUNSEL/PARTIES OF RECORD

MAY -- 8 42018

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

## UNITED STATES DISTRICT COURT

for the

District of Nevada

United States of America

v.

Emile  Edward  Bouar:

_____

Defendant

Case No. 2:16-CR-0032-JCM-GWF

## APPEARANCE BOND

### Defendant's Agreement

I,  Emile  Edward  Bouar:  *(defendant)*, agree to follow every order of this court, or any
court that considers this case, and I further agree that this bond may be forfeited if I fail:

( X )    to appear for court proceedings;

( X )    if convicted, to surrender to serve a sentence that the court may impose; or

(   )    to comply with all conditions set forth in the Order Setting Conditions of Release.

### Type of Bond

( X )(1)  This is a personal recognizance bond.

(    ) (2)  This is an unsecured bond of $ _____.

(    ) (3)  This is a secure bond of $ _____, secured by:

    (    )  (a) $ _____, in cash deposited with the court.

    (    )  (b) the agreement of the defendant and each surety to forfeit the following cash or other property
    *(describe the cash or other property, including claims on it - such as a lien, mortgage, or loan - and attach proof of
    ownership and value):*

    If this bond is secured by real property, documents to protect the secured interest may be filed of record.

    (    )  (c) a bail bond with a solvent surety *(attach a copy of the bail bond, or describe it and identify the surety):*

### Forfeiture or Release of the Bond

*Forfeiture of the Bond.* This appearance bond may be forfeited if the defendant does not comply with the above
agreement. The court may immediately order the amount of the bond surrendered to the United States, including the
security for the bond, if the defendant does not comply with the agreement. At the request of the United States, the court
may order a judgement of forfeiture against the defendant and each surety for the entire amount of the bond, including
interest and costs.

Z 6
Page ___ of ___ Pages

AO 199A (Rev. 12/11) Order Setting Conditions of Release

# UNITED STATES DISTRICT COURT
for the
District of Nevada

United States of America )
)
v. ) Case No. Z ⁝ 16 - CR - 0032 - JCM - GWF
)
Emile Edward Bougri )
)

_Defendant_

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

(1) The defendant must not violate federal, state, or local law while on release.

(2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

(3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

(4) The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: _____

_Place_ ,

_____

on _____

_Date and Time_

If blank, defendant will be notified of next appearance.

(5) The defendant must sign an Appearance Bond, if ordered.

## ADDITIONAL CONDITIONS OF RELEASE

Upon finding that release by one of the above methods will not be itself reasonably assure the defendant's appearance and the safety of other persons or the community, IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

**SUPERVISION**

( )  (6)  The defendant is placed in the custody of:

Person or organization _____

Address *(only if above is an organization)* _____

City and state _____    Tel. No. _____

*(only if above is an organization)*

who agrees (a) to supervise the defendant in accordance with all of the conditions of release, (b) to use every effort to assure the defendant's appearance at all scheduled court proceedings and (c) to notify the court immediately if the defendant violates any condition of release or disappears.

Signed: _____     _____
                                   *Custodian or Proxy*                  *Date*

(✗)  (7)  The defendant shall report to:    ☒ U.S. Pretrial Services Office    ☒ Las Vegas 702-464-5630 ( ) Reno 775-686-5964

    no later than: _____ ( ) U.S. Probation Office    ( ) Las Vegas 702-527-7300 ( ) Reno 775-686-5980

( )  (8)  The defendant is released on the conditions previously imposed.

**BOND**

( )  (9)  The defendant shall execute a bond or an agreement to forfeit upon failing to appear as required the following sum of money or designated property: _____

( )  (10) The defendant shall post with the court the following proof of ownership of the designated property, or the following amount or percentage of the above-described sum: _____

( )  (11) The defendant shall execute a bail bond with solvent sureties in the amount of $_____ .

**PENDING MATTERS**

( )  (12) The defendant shall satisfy all outstanding warrants within_____days and provide verification to Pretrial Services or the supervising officer.

( )  (13) The defendant shall pay all outstanding fines within_____days and provide verification to Pretrial Services or the supervising officer.

( )  (14) The defendant shall abide by all conditions of release of any current term of parole, probation, or supervised released.

**IDENTIFICATION**

( )  (15) The defendant shall use his/her true name only and shall not use any false identifiers.

( )  (16) The defendant shall not possess or use false or fraudulent access devices.

**TRAVEL**

(✗)  (17) The defendant shall surrender any passport and/or passport card to U.S. Pretrial Services or the supervising officer.

( )  (18) The defendant shall report any lost or stolen passport or passport card to the issuing agency as directed by Pretrial Services or the supervising officer within 48 hours of release.

(✗)  (19) The defendant shall not obtain a passport or passport card.

(✗)  (20) The defendant shall abide by the following restrictions on personal association, place of abode, or travel:

Travel is restricted to the following areas:

☒ Clark County, NV  ( ) Washoe County, NV  ( ) State of NV  ( ) Continental U.S.A.  ( ) Other _____

( )  (21) The defendant may travel to _____ for the purpose of _____ .

**RESIDENCE**

( )  (22) The defendant shall maintain residence at ( ) current or ( ) at: _____

and may not move prior to obtaining permission from the Court, Pretrial Services or the supervising officer.

(✗)  (23) The defendant shall maintain residence at a halfway house or community corrections center as Pretrial Services or the supervising officer considers necessary. Until Pretrial Services Can Verify Alternate residence

(✗)  (24) The defendant shall pay all or part of the costs for residing at the halfway house or community corrections center based upon his/her ability to pay as Pretrial Services or the supervising officer determines.

( )  (25) The defendant shall return to custody each (week) day at _____ o'clock after being released each (week) day at _____ o'clock for employment, schooling, or the following purpose(s): _____

**EMPLOYMENT**                                       as Pre-approved by Pretrial Services

(✗)  (26) The defendant shall maintain or actively seek lawful and verifiable employment ~~and notify Pretrial Services or the supervising officer prior to any change.~~

( )  (27) The defendant shall not be employed in, or be present in, any setting directly involving minor children.

( )  (28) The defendant shall not secure employment in the following field(s): _____

( )  (29) The defendant is prohibited from employment/self-employment in a setting where he/she has access to financial transactions or the personal identifiers of others.

Case 2:16-cr-00032-JCM-GWF   Document 153   Filed 05/04/18   Page 4 of 6
Case 2:16-cr-00032-JCM-EJY   Document 154   Filed 05/08/18   Page 25 of 30

Pages ___ of ___ Pages

AO 199B (Rev. 04/14) Additional Conditions of Release, continued

**EDUCATION/VOCATION**

( ) (30) The defendant shall maintain or commence an education or vocational program as directed by Pretrial Services or the supervising officer.

**CONTACT**

(X) (31) The defendant shall avoid all contact directly or indirectly with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to: Case Agents, Paul Podda, Family / Associates of Paul Podda

(X) (32) The defendant shall avoid all contact directly or indirectly with co-defendant(s) unless it is in the presence of counsel.

( ) (33) The defendant is prohibited from contact with anyone under the age of 18, unless in the presence of a parent or guardian who is aware of the alleged instant offense.

( ) (34) The defendant shall report as soon as possibe to Pretrial Services or the supervising officer any contact with law enforcement personnel, including but not limited to any arrest, questioning, or traffic stop.

**FIREARMS/WEAPONS**

(X) (35) The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapons.

( ) (36) Any firearms and/or dangerous weapons shall be removed from the defendant's possession within 24 hours of release from custody and the defendant shall provide written proof of such to Pretrial Services or the supervising officer.

**SUBSTANCE ABUSE TESTING AND TREATMENT**

( ) (37) The defendant shall submit to an initial urinalysis. If positive, then (38) applies.

( ) (38) The defendant shall submit to any testing required by Pretrial Services or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system and/or any form of prohibited substance screening or testing. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is/are required as a condition of release.

( ) (39) The defendant shall pay all or part of the cost of the testing program based upon his/her ability to pay as Pretrial Services or the supervising officer determines.

( ) (40) The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. §802, unless prescribed by a licensed medical practitioner.

( ) (41) The defendant shall refrain from any use of alcohol.

( ) (42) The defendant shall refrain from the excessive use of alcohol.

( ) (43) The defendant shall refrain from the use or possession of synthetic drugs or other such intoxicating substances.

( ) (44) The defendant shall not be in the presence of anyone using or possessing:

    ( ) (44A) A narcotic drug or other controlled substances

    ( ) (44B) Alcohol

    ( ) (44C) Intoxicating substances or synthetics

( ) (45) The defendant shall participate in a program of inpatient or outpatient substance abuse therapy and counseling if Pretrial Services or the supervising officer considers it advisable.

( ) (46) The defendant shall pay all or part of the cost of the substance abuse treatment program or evaluation based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.

**MENTAL HEALTH TREATMENT**

( ) (47) The defendant shall undergo medical or psychiatric treatment.

( ) (48) The defendant shall submit to a mental health evaluation as directed by Pretrial Services or the supervising officer.

( ) (49) The defendant shall pay all or part of the cost of the medical or psychiatric treatment program or evaluation based upon his/her ability to pay detemined by Pretrial Serices or the supervising officer.

**LOCATION MONITORING**

(X) (50) The defendant shall participate in one of the following location monitoring program components and abide by its requirements as Pretrial Services or the supervising officer instructs.

    ( ) (50A) Curfew.

        The defendant is restricted to his/her residence every day from _____ to _____ and/or a time schedule deemed appropriate by Pretrial Services or the supervising officer.

    (X) (50B) Home Detention.

        The defendant is restricted to his/her residence at all times except for employment; education; religious services; medical, substance abuse or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities pre-approved by Pretrial Services or the supervising officer.

    ( ) (50C) Home Incarceration.

        The defendant is restricted to 24-hour-a-day lock-down except for medical necessities and court appearances or other activities specifically approved by the court.

(51) The defendant shall submit to the type of location monitoring technology indicated below and abide by all of the program requirements and instructions provided by Pretrial Services or the supervising officer related to the proper operation of the technology.

  ( ) (51A) Location monitoring technology as directed by Pretrial Services or the supervising officer.

  ( ) (51B) Voice Recognition monitoring.

  ( ) (51C) Radio Frequency (RF) monitoring.

  (✓) (51D) Global Positioning Satelite (GPS) monitoring.

(52) The defendant shall not tamper with, damage, or remove the monitoring device and shall charge the said equipment according to the instructions provided by Pretrial Services or the supervising officer.

(53) The defendant shall pay all or part of the cost of the location monitoring program based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.

## INTERNET ACCESS AND COMPUTERS

( ) (54) The defendant shall not have access to computers or connecting devices which have Internet, Instant Messaging, IRC Servers and/or the World Wide Web, including but not limited to: PDA's, Cell Phones, iPods, iPads, Tablets, E-Readers, Wii, PlayStation, Xbox or any such devices, at home, place of employment, or in the community.

( ) (55) The defendant may only use authorized computer systems at his/her place of employment for employment purposes.

( ) (56) The defendant shall refrain from possession of pornography or erotica in any form or medium.

## FINANCIAL

( ) (57) The defendant shall not obtain new bank accounts or lines of credit.

( ) (58) The defendant shall not act in a fiduciary manner on behalf of another person.

( ) (59) The defendant shall not use any identifiers, access devices, or accounts, unless under his/her true name.

( ) (60) The defendant shall not solicit monies from investors.

( ) (61) The defendant shall disclose financial information as directed by Pretrial Services or the supervising officer.

( ) (62) The defendant shall reimburse the Treasury of the United States for the cost of _____ (name of attorney) representation at the rate of $_____ per _____, payable to the Clerk of the Court for deposit in the Treasury, as follows:

_____

_____

## SEARCH

( ) (63) The defendant shall be subject to search of person, residence and/or vehicle as directed by Pretrial Services or the supervising officer to ensure compliance with these conditions.

## OTHER PROHIBITED ACTIVITIES

( ) (64) The defendant shall refrain from gambling or entering any establishment whose primary business involves gambling activities.

( ) (65) The defendant is prohibited from entering any establishment whose primary source of business involves pornography, erotica, or adult entertainment.

( ) (66) The defendant shall withdraw from any interest, in any state, that he/she may have in any business which is related to the sale, distribution, manufacture or promotion of marijuana or synthetic marijuana. This includes other dispensaries or paraphernalia stores.

( ) (67) The defendant shall not obtain or renew a "medical marijuana" card within the State of Nevada or any other state.

( ) (68) All aspects of the _____ dispensary shall be closed.

( ) (69) All promotion, web sites and advertising associated with the establishment should be discontinued.

( ) (70) The defendant shall seek and maintain full time employment outside the field of marijuana and hydroponics.

( ) (71) The defendant shall have no involvement whatsoever iin any medical marijuana program, to include consulting, manufacture, or dispensing of controlled substances, either voluntary or in return for compensation, nor can defendant be involved with individuals seeking a doctor's recommendation.

( ) (72) The defendant shall not visit or associate with any hydroponic, paraphernalial or dispensing stores.

( ) (73) The defendant shall no involvement in the referral of medical marijuana.

## OTHER CONDITIONS

(74) The defendant shall abide by other conditions as noted below:

Defendant Shall be released from Custody on the Morning of May 4, 2018

Case 2:16-cr-00032-JCM-GWF Document 153 Filed 05/04/18 Page 6 of 6
Case 2:16-cr-00032-JCM-EJY Document 154 Filed 05/08/18 Page 27 of 30
Page 6 of 6 Pages

AO 199C (Rev. 09/08) Advice of Penalties

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT: Emile Edward Bouar:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more - you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years - you will be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony - you will be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor - you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

## Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Defendant's Signature

_____
City and State

## Directions to the United States Marshal

(✗) The defendant is ORDERED released after processing.

( ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: May 4, 2018

_____
Judicial Officer's Signature

Peggy A. Leen, U.S. Magistrate Judge
Printed name and title

DISTRIBUTION:  COURT   DEFENDANT   PRETRIAL SERVICE   U.S. ATTORNEY   U.S. MARSHAL

# EXHIBIT "D"

1

2

3

4

**ORDR**
MONT E. TANNER, ESQ.
Nevada Bar Number 004433
LAW OFFICES OF MONT E. TANNER
2950 East Flamingo Road, Suite G
Las Vegas, Nevada 89121
Telephone: (702) 369-9614
Facsimile: (702) 369-5731
  *Attorney for Defendant*
  *Emile Bouari*

10

11

12

|  |  |
|---|---|
| **UNITED STATES DISTRICT COURT** | |
| **DISTRICT OF NEVADA** | |
| UNITED STATES OF AMERICA, | CASE NO.:   2:16-CR-00032-JCM-GWS |
| Plaintiff, | **ORDER CONTINUING CALENDAR CALL AND TRIAL DATE** |
| vs. | |
| EMILE EDWARD BOUARI, | |
| Defendant. | |

**THIS MATTER** having come on for hearing before this Court on
_____, 2018, on Defendant Emile Bouari's ("Bouari"),
Motion to Continue the Calendar Call and Trial Date, and Bouari
appearing through counsel, Mont E. Tanner, Esq., and the United
States of America appearing through Assistant U.S. Attorney, Robert
Knief, Esq., and the Court having reviewed the papers and pleadings
on file herein, and the Court having considered the argument of the
respective counsel on behalf of their respective clients, and good

1  cause appearing, therefor:

2  **THE COURT HEREBY FINDS** that the ends of justice will be served

3  by granting the continuance, and outweigh the interests of the

4  public and the defense in a speedy trial, since the failure to

5  grant said continuance would be likely to result in a miscarriage

6  of justice, and would deny the Defendant sufficient time and the

7  opportunity within which to be able to effectively prepare for

8  trial, taking into account the exercise of due diligence.

9

10  **THE COURT FURTHER FINDS** that the continuance sought herein is

11  excludable under the Speedy Trial Act, Title 18 U.S.C. Section

12  3161(h)(7)(a), considering the factors under Title 18 U.S.C.

13  Section 3161(h)(7)(B)(i), (ii), and (iv).

14  **IT IS HEREBY ORDERED** that Defendant Emile Bouari's Motion

15  to Continue the Calendar Call and the Trial Date to

16  _____, 2018, is hereby GRANTED.

17

18  Dated this _____ day of May, 2018.

19

20  _____

21  UNITED STATES DISTRICT COURT JUDGE

22

23  **Prepared and submitted by:**

24  LAW OFFICE OF MONT E. TANNER

25  _____

26  Mont E. Tanner, Esq.
   *Counsel for Defendant Emile Bouari*

27

-2-