EDWARD MILEY, ESQ. (NV Bar #6063)
MILEY LAW FIRM
711 South 9th Street
Las Vegas, Nevada 89101
Tele: (702) 942-0600
Email: emiley@mileylaw.com

*Attorney for non-party Dr. Carol Ann Chaney*



FILED ___ RECEIVED
ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

JUL 05 2019

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| UNITED STATES OF AMERICA, | Case No. 2:16-cr-0032-JCM-GWF |
|---|---|
| Plaintiff, | |
| vs. | **DR. CAROL CHANEY'S REQUEST FOR A CONTINUANCE OF THE JULY 8, 2019 HEARING** |
| EMILE EDWARD BOUARI, *et. al.* | |
| Defendants | |

Certification: This motion is timely filed.

Pursuant to Federal Rule of Criminal Procedure 45, Dr. Carol Chaney respectfully requests that the Court continue, by 30-days, the "Pretrial Diversion Hearing"[1] currently set for July 8, 2019. Dr. Carol Chaney lives in near <u>daily terror</u> of Defendant Emile Bouari, who has told others he intends to inflict harm upon her once these proceedings are terminated. In addition to Dr. Chaney, there are other community groups that have <u>significant</u> concerns regarding the exceptionally favorable benefit that the United States Attorney has decided to confer upon Defendant Bouari and would like to submit their concerns on the record in this case. Defendant Bouari will not be prejudiced because (1) he is out of custody despite this Court previously finding him to remain a danger to the community[2] and (2) the United States

---

[1] ECF #210.

[2] ECF #201. The government agreed with the Court only a few months ago that Bouari

Attorney has already entered into a pretrial diversion agreement which the Court has no power to undo because it is within the United States Attorney's exclusive discretion to enter into such an agreement. The Court, however, does have the power to continue the current hearing pending an opportunity for others to express their concerns regarding the government's actions.

In support of this motion for continuance, Dr. Chaney relies upon the memorandum of points and authorities below, all papers on file in this matter (including prior findings by this Court) and any other argument the Court may allow.

## MEMORANDUM OF POINTS AND AUTHORITIES

Dr. Chaney previously filed an opposition to Defendant Bouari pursuant to the Crime Victims' Rights Act, 18 U.S.C. § 3771 *et. seq.*[3] The government did not contest Dr. Chaney's characterization of herself as a victim nor did it move to exclude her as such. In fact, the opposite is true. The government relied upon Dr. Chaney's January 24, 2019 filing to argue Defendant remains a danger to the community. The Court agreed and found that Bouari remains a danger to the community. *See* ECF #201.

After the Court rendered its finding, Dr. Chaney, by and through her counsel Kathleen Bliss, Esq., sent a letter to the United States Attorney expressing her grave concerns over the government's consideration of conferring pretrial diversion to Bouari. *See* Exhibit A. Not only did the government not respond to Ms. Bliss' letter, the government has never contacted Dr.

---

remains a danger to the community and implicitly acknowledged Dr. Chaney as a crime victim by writing "The ex-wife is now willing to testify regarding her fear of the defendant and actions he has taken against her." *See* ECF #187, p.4 (lines 13-15). The government, in urging the Court to find only a few months ago that Bouari remains a danger to the community, noted Dr. Chaney was "such a person" whose interests must be considered. ECF #187, p.4.

[3] ECF #188.

2

Chaney to advise her of either the fact that it entered into a pretrial diversion agreement with Bouari or that a hearing was scheduled for July 8, 2019. Under the Crime Victims' Rights Act, a victim has the right, among other rights, to meet with prosecutors, to have her concerns addressed and to be heard at proceedings. In light of the government's failure to meet its obligations, and the significant concerns Dr. Chaney has about Bouari and his placement into the pretrial diversion program, the Court should continue the current hearing by 30-days to allow Dr. Chaney and others to submit their concerns on the record in this matter. As noted above, Bouari will experience no prejudice from this continuance because the United States Attorney, without telling anyone including Bouari's victims, has already entered into an agreement with Bouari. Notwithstanding the foregoing, due process and basic notions of "justice" compel providing Dr. Chaney and others a fair opportunity to be heard.

In light of the foregoing, Dr. Chaney, by and through counsel, respectfully requests a 30-day continuance of the Pretrial Diversion Hearing and requests the opportunity to file a brief on or before July 19, 2019 setting forth her concerns.

Respectfully submitted,

_____
Edward Miley, Esq.

Co-Counsel for Dr. Carol Chaney

Dated: July 5, 2019

### CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Criminal Procedure and this Court's Local Rules, the undersigned hereby certifies that on July 5, 2019 the foregoing document was served upon all parties and their counsel of record through the Court's CM/ECF electronic system.

_____
Edward Miley, Esq.

# EXHIBIT A

# EXHIBIT A



# Kathleen Bliss Law PLLC
Trial Attorneys

1070 West Horizon Ridge Pkwy
Suite 202
Henderson, NV  89012
www.kathleenblisslaw.com
702.463.9074

April 2, 2019

*Via Certified Mail and email*

Nicholas A. Trutanich, Esq.
United States Attorney for the District of Nevada
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101

Re:   <u>United States v. Emile Bouari</u>, Case No. 2:16-cr-0032-JCM-PAL

Dear Mr. Trutanich:

     I represent Dr. Carol Chaney, on whose behalf I filed a motion pursuant to the Crime Victims' Rights Act (18 U.S.C. § 3771 *et. seq.*), on January 24, 2019, in the above-referenced criminal case. ECF No. 188. I would strongly encourage you to read and review that motion, which provides significant information pertaining to the Defendant, Emile Bouari.

     Related to my representation of Dr. Chaney, it was recently brought to my attention that the prosecutor currently assigned to this matter, Robert Knief, may be seeking "pretrial diversion" for Bouari. I confirmed this with Mr. Knief by email on this date. Respectfully, any serious consideration of pretrial diversion to the Defendant Bouari would be *exceedingly* ill-advised and very disproportionate to the manner in which your office treats other defendants charged with much less serious crimes – for whom pretrial diversion is <u>never</u> presented as an option. Because the United States Attorney's Manual, Section 9-22.100, vests you with exclusive *discretion* to approve pretrial diversion, I believe it is imperative that you give consideration to Dr. Chaney's interests and the fact that the Defendant is alleged to have proposed <u>commercial sex acts involving 16-year old children</u> to undercover agents in multiple recordings, facts of which I reference in my motion.

     Furthermore, Bouari made threats regarding a colleague of mine, Paul Padda, who served as an Assistant United States Attorney for a decade. It is my understanding that the threats involved death or substantial bodily harm and that Bouari staked out Mr. Padda's elderly parents. I am confident that your office is aware of these threats.

     It is worth noting that Defendant Bouari is on his fourth attorney and has obtained eight continuances of the trial date. On May 3, 2018 (*see* EFC No. 152) the Court noted that "Government Counsel states his position for the record and represents he is ready to proceed to trial." Prior to that



**Kathleen Bliss Law** PLLC

Trial Attorneys

1070 West Horizon Ridge Pkwy
Suite 202
Henderson, NV  89012
www.kathleenblisslaw.com
702.463.9074

Court hearing, the assigned prosecutor filed a "response" (on April 24, 2018) to Defendant's allegations of government misconduct in which he noted that the Defendant's allegations "have no effect on the accuracy of the substantive money laundering activities of this or any other defendant." *See* ECF No. 149.  Given the assigned prosecutor's representations to the Court, it is puzzling to say the least that pretrial diversion would even be considered an option in this case.

Any suggestion that Defendant Bouari engaged in a victimless crime would be absurd and a gross distortion of the facts relative to his conduct.  Indeed, as the Court noted in a detention Order filed on February 26, 2016 (ECF No.34), "the Government represents there are approximately 60 recordings between Defendant and an undercover officer" documenting discussions involving the sale of social security numbers to commit identity theft and IRS fraud.  Most importantly, based upon what the government told the Court, Defendant believed all of the money laundering transactions he committed over the course of two years were for the purpose of facilitating commercial sex acts and narcotics trafficking.  The Defendant "suggested he has foreign ties in the Middle East that would be more violent than just beating [up a local lawyer, Paul Padda]" and that Defendant "was recorded with an undercover officer discussing having Middle Eastern men from Dubai come to the United States for the purpose of having sex with 16 [year] old girls, for which the Defendant would profit from procuring."  Attached for your convenience is a copy of the Court's detention Order.

In its April 24, 2018 response brief, the government stated, "The facts supporting the Court's Order of detention remain virtually unaffected by the allegations [of misconduct by the CHS], even if those allegations are true." ECF No. 149.  The government further stated, "Defendant still has significant ties to multiple countries and no substantial ties to the United States." Id.  Again, given these representations to the Court, it is shocking the government would even contemplate pretrial diversion which is rarely granted and generally only in cases involving minor theft, minor property crimes, low-level drug crimes or federal misdemeanors.  If the government is going to create a new precedent in this case, it will be a matter of significant interest to countless defendants that are alleged to have engaged in conduct far less serious than Bouari.

As you well know, human trafficking and commercial sex acts involving minors (including other young person's such as 16-year old girls) is a significant problem in Las Vegas.  According to what the government told the Court at his detention hearing and reaffirmed by the currently assigned prosecutor in an April 24, 2018 filing, Bouari engaged in money laundering believing he was facilitating those activities.  I understand that Bouari even admitted his crime to a journalist who wrote an article about him.  From my own personal experience as a federal prosecutor, it is very significant that the government has 60 recordings of admissions by Defendant Bouari.  Bouari did not just engage in small talk.  According to the government's repeated representations to the Court over the last three years, he voluntarily and actively engaged in money laundering (and recruited others to do the same)



# Kathleen Bliss Law PLLC
Trial Attorneys

1070 West Horizon Ridge Pkwy
Suite 202
Henderson, NV  89012
www.kathleenblisslaw.com
702.463.9074

believing he was supporting an illicit commercial sex trade operation.  He then also pitched the idea of 16-year old girls as lures for sex tourists from the Middle East presumably believing it could be more a profitable enterprise.  This is a man who should face justice.

     I have seen media events of you promoting your commitment to the investigation and prosecution of individuals engaged in human trafficking, and I believe that you mean what you say.  I also believe that, having served as a line assistant yourself, you take threats to prosecutors very seriously. This case has drawn the attention of a number of individuals concerned about human trafficking and related issues in Clark County, and I urge you to look into this. I am more than happy to meet with you and discuss this issue further. Thank you in advance for your consideration of these important issues.

Very Truly Yours,

Kathleen Bliss, Esq.

CC:  Robert Knief

Enclosure:

Detention Order Pending Trial ECF No. 34

Page 3 of 3 Letter to Mr. Trutanich 4.1.19

AO 472 (Rev. 09/08) Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
for the

District of Nevada

United States of America )
v. )
)
) Case No. 2:16-cr-32 JCM-GWF-1
EMILE EDWARD BOUARI )
*Defendant* )

## DETENTION ORDER PENDING TRIAL

After conducting a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), I conclude that these facts require that the defendant be detained pending trial.

### Part I—Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has previously been convicted

of ☐ a federal offense ☐ a state or local offense that would have been a federal offense if federal jurisdiction had existed - that is

☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4) or an offense listed in 18 U.S.C. § 2332b(g)(5) for which the prison term is 10 years or more.

☐ an offense for which the maximum sentence is death or life imprisonment.

☐ an offense for which a maximum prison term of ten years or more is prescribed in _____.*

☐ a felony committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses:

☐ any felony that is not a crime of violence but involves:

☐ a minor victim

☐ the possession or use of a firearm or destructive device or any other dangerous weapon

☐ a failure to register under 18 U.S.C. § 2250

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state release or local offense.

☐ (3) A period of less than five years has elapsed since the ☐ date of conviction ☐ the defendant's release from prison for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition will reasonably assure the safety of another person or the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

☐ (1) There is probable cause to believe that the defendant has committed an offense

☐ for which a maximum prison term of ten years or more is prescribed in _____.

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Page 1 of 2

AO 472 (Rev. 09/08) Detention Order Pending Trial

# UNITED STATES DISTRICT COURT
## for the
### District of Nevada

☐ under 18 U.S.C. § 924(c).

☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition will reasonably assure the defendant's appearance and the safety of the community.

### Alternative Findings (B)

x (1) There is a serious risk that the defendant will not appear.

x (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

The defendant is ordered detained as both a flight risk and as a danger to the community for the following reasons: The defendant has significant and substantial ties to multiple countries around the world. Defendant has no substantial ties to this or any other community in the United States. Defendant has no verifiable means of lawful and gainful employment. The offenses charged involve long term undercover operations involving money laundering for the stated purpose of engaging in laundering proceeds of narcotics trafficking and commercial sex acts. The Government represents there are approximately 60 recordings between the defendant and an undercover officer engaging in the schemes alleged in the Indictment as well as discussing other unlawful schemes such as a scheme to obtain Social Security numbers to commit identity theft and IRS fraud. The Government represents the defendant sold 7-10 Social Security numbers to the undercover officer. The Government's proffer indicates the defendant had multiple discussions about causing serious physical injury to a lawyer with whom he had a dispute over a lawsuit. The detailed nature of the discussions indicate more than wishful thinking by telling the undercover officer detailed information about where the attorney worked, where he lived, when he visited his mother, what kind of car he drove, who his partners were, how he could be approached in multiple areas, including posing as a client to gain access to his law office, assaulting him at his mother's house on Sunday evenings when he had dinner with her or getting him on his way to his car. The defendant suggested he has foreign ties in the Middle East that would be more violent than just beating him up, putting him in a wheelchair, or breaking bones. The Government's proffer indicated that the defendant was recorded with an undercover officer discussing having Middle Eastern men from Dubai come to the United States for the purpose of having sex with 16 yr old girls, for which the defendant would profit from procuring.

### Part II— Statement of the Reasons for Detention

The Court finds the defendant is a flight risk by the preponderance of the evidence and a danger to the community by clear and convincing evidence and that there are no conditions or combination of conditions that could be fashioned that would reasonably assure the defendant's appearance or the defendant to not re-offend.

### Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. The defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to the United States marshal for a court appearance.

Date: February 19, 2016

_Judge's Signature_

PEGGY A. LEEN., UNITED STATES MAGISTRATE JUDGE

*Name and Title*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).